COMPUTER TRAINING INSTITUTE )
OF CHICAGO, LLC., )
)
       Plaintiff, )    No. 13 C 7100
)
  v. )    Judge George M. Marovich
)
)
UNITED STATES DEPARTMENT )
OF VETERANS' AFFAIRS, )
)
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

After the Illinois Department of Veterans' Affairs (the "Illinois VA") notified plaintiff

that it was withdrawing approval of plaintiff's education programs for participation in the GI

Bill, plaintiff filed suit against the United States Department of Veterans' Affairs ("USVA").

The USVA moves to dismiss. For the reasons set forth below, the Court grants the motion.

**I.**    **Background**

Veterans are entitled to certain educational benefits under a law commonly known as the

GI Bill, but veterans are entitled to benefits only if their "course is approved." 38 U.S.C. §

3672(a). Some courses of study, such as certain accredited college programs, are automatically

deemed approved. *See* 38 U.S.C. § 3672(b)(2)(A)(i) ("the following programs are deemed to be

approved for purposes of this chapter: (i) An accredited standard college degree program offered

at a public or not-for-profit proprietary educational institution that is accredited by an agency or

association recognized for that purpose by the Secretary of Education."). Other programs are

considered for approval on a case-by-case basis, presumably to prevent the United States from paying for programs with no educational value.

With respect to the programs considered for approval on a case-by-case basis, Congress gave the approval authority to the states. Specifically, Congress asked each state "to create or designate a State department or agency as the 'State approving agency' for such State" (38 U.S.C. § 3671(a)) and then gave each State approving agency the authority to approve courses "in accordance with the provisions of this chapter and chapters 34 and 35 of this title and such other regulations and policies as the State approving agency may adopt." 38 U.S.C. § 3672(a). The State approving agencies are required to notify the USVA of the courses they have approved. 38 U.S.C. § 3672(a) ("Each State approving agency shall furnish the Secretary with a current list of educational institutions specifying courses which it has approved").

The State approval agencies also have the authority to *disapprove* previously-approved courses and are required to notify the USVA of such disapprovals, as well. 38 U.S.C. § 3679(a) ("Any course approved for the purpose of this chapter which fails to meet any of the requirements of this chapter shall be immediately disapproved by . . . the appropriate State approving agency"); 38 U.S.C. § 3672(a) ("Each State approving agency shall notify the Secretary of the disapproval of any course previously approved and shall set forth the reasons for such disapproval."). To that end, the USVA has promulgated regulations concerning the disapproval of courses by State approving agencies. The regulations state:

> The State approving agency, after approving any course or licensing or certification test:
>
> (1) May suspend approval of a course for new enrollments, or approval of a licensing or certification test, for a period not to exceed 60 days to allow the institution to correct any deficiencies, if the evidence of record establishes that the

course or licensing or certification test fails to meet any of the requirements for approval.

(2) Will immediately disapprove the course or licensing or certification test, if any of the requirements for approval are not being met and the deficiency cannot be corrected within a period of 60 days.

38 C.F.R. § 21.4259(a)(1) & (2).

In considering this motion to dismiss, the Court takes as true the allegations in plaintiff's complaint and also considers the documents plaintiff attached to its complaint. Fed.R.Civ.P. 10(c).

Plaintiff Computer Training Institute of Chicago, LLC ("CTIC") is in the business of offering non-accredited, non-degree computer classes. On January 11, 2012, the "[US]VA, through the Illinois State Approving Agency for Veterans Education Benefits ("SAA"), approved CTIC's application to provide the following non-accredited, non-college degree programs to veterans: Adobe Desktop Publishing, CCNA, CCNP and Security Combo; CompTIA and MCTS Combo; Medical Billing and Coding; MS Office and Quick Books Combo; and Project Management and Six Sigma Combo." (Complt. ¶ 6).

Within eight months, the Illinois VA, which is the State approving agency ("SAA") for Illinois, disapproved CTIC's previously-approved programs. As CTIC alleges, "[o]n August 3, 2012, CTIC received a letter from the SAA, which informed CTIC that the *SAA had suspended the approval of the Educational Programs for sixty days*." (Complt. ¶ 9) (emphasis added). In the letter, the Illinois VA stated, among other things:

Pursuant to a complaint filed 8/1/12 and information received in this office 8/2/12, the approval of the following programs issued for facility code 2-5-0717-13 under U.S.Code, Title 38 . . . will be suspended for 60 days effective 8/3/12: . . .

During this suspension period, currently enrolled veteran students can continue to be certified as enrolled; however, no new students can be certified. We await the requested information regarding all veterans that are currently enrolled in these programs.

(Compl. Exh. A). CTIC continued to train students who were already enrolled. Later, the VA refused to pay for the education CTIC provided to those students after August 3, 2012.

On October 12, 2012, CTIC received from the Illinois VA a letter "indicating that the SAA's approval of the Education Programs was withdrawn." (Complt. ¶ 14). In the letter, the Illinois VA stated, among other things:

Pursuant to information received in this office, the approval of the following programs issued under U.S.Code, Title 38 . . . will be withdrawn, with an effective date of October 12, 2012:

\*   \*   \*

The withdrawal is due to failing to comply with U.S. Code, Title 38 Code of Federal Regulations (CFR) relating to veteran education programs, to include:

\*   \*   \*

CTIC has failed to comply with 38 CFR 21.4210(d)(ii)(A) and (C), specifically willful and knowingly submitting false reports.

\*   CTIC submitted attendance records to our office for three (3) VA students: Kendall Donaldson, Demetrise Clark and Edward Lee Williams Jr. These records contradicted the statement of the veterans who stated that they had terminated their student status at CTIC, in some cases more than three months prior.

\*   \*   \*

CTIC sales and advertising practices violate 38 CFR 21.4252(h), specifically erroneous or misleading practices by statement or omission by CTIC officials and prospective veteran applicants and currently enrolled veteran students.

\*   \*   \*

\*   **Edward Lee Williams Jr.** stated that CTIC provided him with a 90 day internship which consisted of working and attending school without charge--however, he terminated his internship immediately thereafter upon learning that CTIC had submitted documents to the VA to process education benefits on his behalf.

\*   **Kendall Donaldson** stated that he stopped attending CTIC because he had requested information from Mr. Paul Johnson

regarding tuition and fee charges, but was never provided the requested information.

* **April Campbell** stated that CTIC advertised they would provide veterans free laptops after attending CTIC for 90 days; after she surpassed the 90 day mark, she requested her laptop, but has yet to receive it.

(Complt. Exh. C).

Neither the USVA nor the Illinois VA notified CTIC of any right to appeal. Nonetheless, CTIC wrote the USVA a letter. CTIC described its letter as an "Appeal of State Approving Authority Withdrawal of Programs." (Complt. Exh. D). On or about November 28, 2012, CTIC received a response from the Illinois VA's General Counsel. In the letter, the General Counsel stated, among other things:

This letter is to confirm our November 21, 2012 discussion . . . to include the following:

You confirmed that CTIC had received the official notice of suspension from the Illinois Department of Veterans' Affairs (IDVA) State Approving Agency (SAA) on August 3, 2012 and understood at the time the requirements that the suspension imposed on CTIC. Specifically, the fact that CTIC would not be permitted to enroll any new veteran applicants during the suspension period and the requirement to submit requested documentation to SAA for further review as the suspension was 'for cause.'

\* \* \*

We also discussed the fact that CTIC failed to provide IDVA SAA the required information during the 60-day period of suspension and as a result of in-action IDVA SAA initiated an audit pursuant to federal regulations, to which there was another period of inaction which led to IDVA SAA's final review and determination that CTIC's certification would be withdrawn on October 12, 2012 for cause . . .

\* \* \*

I further explained that normally, a withdrawal action based on administrative error is *reviewable*, as has been the SAA's past experience and protocol. However, in this instance, because of the bases of the withdrawal being 'for

cause' that a reconsideration of IDVA SAA's withdrawal decision would *not* be reviewable to CTIC.

(Complt. Exh. E) (emphasis in original).

CTIC alleges that "VA's actions in suspending and withdrawing CTIC's Educational Programs were arbitrary, capricious [and] an abuse of discretion." (Complt. § 22). In Count I, plaintiff seeks relief under the Administrative Procedures Act. As relief, CTIC demands that the Court "[r]everse the VA's decision withdrawing CTIC's Educational Programs" and "[o]rder the VA to pay . . . for the Educational Programs [CTIC] provided to veterans subsequent to August 3, 2012." (Complt. at 6). In Count II, CTIC alleges that defendant deprived plaintiff of its "property interest in the economic benefits" of the GI Bill without due process. (Complt. ¶¶ 32-33). As relief, CTIC demands the Court "[r]everse the VA's decision withdrawing CTIC's Educational Programs" and "[o]rder the VA to pay . . . CTIC for the Educational Programs [CTIC] provided veterans subsequent to August 3, 2012." (Complt. at 6).

## II.     Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause

of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950. Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974.

## III.  <u>Discussion</u>

Defendant USVA first argues that this case should be dismissed, because plaintiff is suing the wrong defendant. The point is well taken, at least to the extent that plaintiff is complaining about the decision to disapprove its education programs and the process leading thereto. As USVA points out, CTIC has alleged (and therefore admitted) that it was the Illinois VA, as the State approving agency for the State of Illinois, that notified CTIC that it was suspending its prior approval of CTIC's programs for 60 days. (Complt. ¶ 9 ("On August 3, 2012, CTIC received a letter from the SSA, which informed CTIC that the *SAA had suspended* the approval of the Educational Programs for sixty days.") (emphasis added); Complt. Exh. A). CTIC has also alleged (and thus admitted) that Illinois VA, as the State approving agency for Illinois, notified it on October 12, 2012 that it was withdrawing its prior approval of CTIC's programs. (Complt. ¶ 14; Complt. Exh. C). These allegations are consistent with the statutory scheme, which gives State approving agencies the authority to approve and disapprove

educational programs in States (like Illinois) that have designated such an agency. 38 U.S.C. §§ 3672(a), 3671(a).

In sum, plaintiff has not plausibly alleged that USVA took *any* action in disapproving CTIC's education programs, let alone an arbitrary or capricious action or an action that failed to provide CTIC with due process of law. As plaintiff has alleged (and thus admitted), it was Illinois VA, not USVA, that took the challenged actions. Because plaintiff has admitted these facts, this defect cannot be cured by amendment. The Court dismisses with prejudice the portions of Counts I and II that challenge the decision to disapprove plaintiff's educational programs and the process leading to the decision.

CTIC's first and second counts, however, do not seem limited to the decision to disapprove CTIC's programs and the process leading to that decision. Instead, CTIC seems also to be making a claim for the benefits it thinks the veterans should have received for education CTIC provided to those veterans after August 3, 2012. Once Illinois VA disapproved CTIC's programs, it followed, necessarily, that the VA could no longer grant veterans benefits to attend CTIC's programs. 38 U.S.C. § 3672(a) (benefits allowed only for "approved" courses). CTIC seems to think it was tricked, however, into continuing to educate veterans who would never be granted benefits. CTIC alleges that when Illinois VA notified it of the 60-day suspension, it also said, "During this suspension period, currently enrolled veteran students can continue to be certified as enrolled; however, no new students can be certified." (Complt. Exh. A). CTIC alleges that "[c]onsistent with the instructions in the August 3, 2012 letter, CTIC continued training currently enrolled veterans, but the VA thereafter refused to fund those veterans' Educational Programs at CTIC, and CTIC was never reimbursed for the Educational Programs

the veterans attended." (Complt. ¶ 12). CTIC wants the USVA "to pay . . . for the Educational Programs [CTIC] provided to veterans subsequent to August 3, 2012." (Complt. at 6). Thus, CTIC wants the veterans' benefits.

This claim, too, fails. The first problem is that it was the action of Illinois VA (who sent the August 3, 2012 letter), not of USVA, that induced CTIC to continue educating veterans after August 3, 2012. That, however, is not the biggest impediment to CTIC's claim for benefits.

The biggest impediment to CTIC's claim for payment for education it provided veterans after August 3, 2012, is that this Court has no jurisdiction to review the USVA's decisions with respect to veteran benefits. Section 511(a) of Title 38 of the United States Code provides:

> *The Secretary shall decide all questions* of law and fact *necessary to a decision by the Secretary under a law that affects the provision of benefits* by the Secretary to veterans or dependants or survivors of veterans. Subject to subsection (b) [which does not apply to this case], *the decision of the Secretary* as to any such question *shall be final and conclusive and may not be reviewed* by any other official or *by any court*, whether by an action in the mature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added). "The circuits unanimously agree that [§ 511(a)] divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions." *Karmatzis v. Hamilton*, 553 Fed.Appx. 617, 618-19 (7th Cir. 2014) (citing, among others, *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012)). That is true even if the claim for benefits is dressed up as a constitutional challenge. *Veterans for Common Sense*, 678 F.3d at 1023 ("This is true even if the veteran dresses his claim as a constitutional challenge."); *Karmatzis*, 553 Fed.Appx. at 619 (plaintiff "may not circumvent these jurisdictional limitations by cloaking a benefits claim in constitutional terms.").

That is just what is happening here. CTIC complains that after August 3, 2012, CTIC continued to provide education to veterans. CTIC further alleges that USVA refused to provide benefits to those veterans, which meant those veterans did not pay CTIC. CTIC wants USVA to pay it for the education it provided the veterans. In short, CTIC is upset about benefits USVA decided not to pay to particular veterans, who were its students. The review of those benefit decisions in this Court is barred by 38 U.S.C. § 511(a). The fact that CTIC dresses up the claim as a due process claim makes no difference. *Veterans for Common Sense*, 678 F.3d at 1023; *Karmatzis*, 553 Fed.Appx. at 619. It also makes no difference that the benefits belonged to several veterans rather than just one veteran or that it is CTIC, and not the veterans themselves, who filed suit. Regardless of who filed suit, plaintiff still challenges a decision of the USVA "under a law that affects the provision of benefits . . . to veterans," which means this Court lacks jurisdiction. 38 U.S.C. § 511(a). The Court has no more jurisdiction when CTIC files suit seeking the benefits than if the veterans, themselves, filed suit seeking those benefits.

So, the Court lacks jurisdiction over the portion of Count II in which plaintiff is challenging defendant's decision not to pay veterans for education provided by CTIC after August 3, 2012. It follows, then, that the Court also lacks jurisdiction over the same portion of Count I, because the Administrative Procedures Act does not apply "to the extent" that "statutes preclude review." 5 U.S.C. § 701(a)(1). Accordingly, the remaining portions of Counts I and II are dismissed for want of jurisdiction.[1]

_____

[1]Even if the Court had jurisdiction over this portion of plaintiff's claims, the Court still would have dismissed the claims for failure to state a claim. First, the APA does not authorize suits for money damages. 5 U.S.C. § 702. Second, CTIC has not convinced the Court that it has a property right to veterans' educational benefits. *Cf. Dupuy v. Samuels*, 397 F.3d 493, 515 (7th Cir. 2005) (foster parents have no property interest in foster care benefits); *Connell v. Secretary*

-10-

## IV.    Conclusion

For the reasons set forth above, the Court dismisses with prejudice the portions of Counts I and II that challenge the decision to disapprove plaintiff's programs and the process leading to that decision. The remaining portions of Counts I and II are dismissed for want of jurisdiction. Case terminated.

ENTER:

George M. Marovich
United States District Judge

DATED: March 17, 2015

---

*of HHS*, Case No. 05-cv-4122, 2007 WL 1266575 at *5 (S.D. Ill. April 30, 2007) ("The Court is not persuaded that Congress conferred a benefit on plaintiff by allowing pharmacists to participate in government health programs. The goal of such programs is to confer benefits on those who seek health care, not those who serve program beneficiaries.").